**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEGAL VOICE, FKA Northwest
Women's Law Center,
*Non-Party-Appellant*,

v.

STORMANS INC., DBA Ralph's
Thriftway; RHONDA MESLER;
MARGO THELEN,
*Plaintiffs-Appellees*.

No. 12-35224

D.C. No.
3:07-cv-05374-
RBL

ORDER

Filed July 2, 2014

Before: A. Wallace Tashima, Susan P. Graber,
and Mary H. Murguia, Circuit Judges.

Order

## SUMMARY[*]

### Attorneys' Fees

The panel granted the request of Legal Voice f/k/a Northwest Women's Law Center for publication of the panel's prior order filed March 31, 2014, which granted the Law Center's motion for attorneys' fees on appeal and transferred the matter to the district court under Ninth Circuit Rule 39-1.8, for a determination of the amount of fees to be awarded.

In the March 31, 2014, order, the panel noted that it had previously held that, under Federal Rule of Civil Procedure 45(d)(2)(B)(ii), the Law Center was entitled to at least a portion of the expenses it incurred in the district court, including attorneys' fees, in complying with the subpoena duces tecum served on it by plaintiffs. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013). The panel determined that its holding that the Law Center was entitled to attorneys' fees in the district court necessarily led to the conclusion that the Law Center also was entitled to attorneys' fees on appeal.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The request of Legal Voice f/k/a Northwest Women's Law Center for publication of the Order filed March 31, 2014, is granted, and that Order, in the form filed concurrently herewith, is ordered published.

---

**ORDER**

Legal Voice f/k/a Northwest Women's Law Center ("Law Center") has moved for an award of attorneys' fees on appeal. For the reasons briefly discussed below, we grant the Law Center's motion and transfer the matter to the district court under our local rule for a determination of the amount of fees to be awarded.

We previously held that, under Federal Rule of Civil Procedure 45(d)(2)(B)(ii), the Law Center is entitled to at least a portion of the expenses it incurred in the district court, including attorneys' fees, in complying with the subpoena duces tecum served on it by Plaintiffs. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013). Our holding that the Law Center is entitled to attorneys' fees in the district court necessarily leads to the conclusion that the Law Center also is entitled to attorneys' fees on appeal. Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal. *See, e.g.*, *Stewart v. Gates*, 987 F.2d 1450, 1454 (9th Cir. 1993) (noting that appellate attorneys' fees may be awarded under 42 U.S.C. § 1988's fee-shifting provision to a party that successfully defends an award on appeal); *Planned Parenthood of Cent. & N. Ariz. v. Arizona*, 789 F.2d

1348, 1354 (9th Cir. 1986) (awarding attorneys' fees on appeal under § 1988 when the plaintiff won on the merits in the district court and on appeal).  We have no trouble applying this general rule here, when the very purpose of the appeal was to establish the entitlement to fees.  *See Orange Blossom P'Ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 462–65 (9th Cir. 2010) (noting that in statutory fee cases, federal courts have uniformly held that attorneys are entitled to be compensated for the time reasonably spent establishing their right to the fee); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee.").

That some of the legal services were provided *pro bono* does not alter our analysis or conclusion.  Attorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services.  *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("[W]here there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee.").

We conclude, therefore, that the Law Center is entitled to its reasonable attorneys' fees on appeal.  Because, under our mandate, the district court is required to determine the amount of attorneys' fees to be awarded to the Law Center under Rule 45(d)(2)(B)(ii) for work in the district court, *see Legal Voice*, 738 F.3d at 1185, we transfer this matter to the district court to determine the amount to be awarded as fees on appeal.  *See* Ninth Cir. R. 39-1.8.

Accordingly, **IT IS ORDERED:**

1. The Law Center's motion for attorneys' fees on appeal is granted; the Law Center is entitled to an award of its reasonable fees on appeal.

2. Determination of the amount to be awarded as attorneys' fees on appeal is transferred to the district court under Ninth Circuit Rule 39-1.8.