NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILL GAEDE; NILA GAEDE, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MICHAEL DELAY; ANASTASIA BENDEBURY; BIOSPINTRONICS, LLC, <br><br> Defendants-Appellees. | No.    23-35217 <br>        23-35531 <br><br> D.C. No. 3:22-cv-00380-YY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted March 6, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

In these consolidated appeals, Plaintiffs-Appellants Bill and Nila Gaede

appeal from the district court's final judgment dismissing the case with prejudice,

and they challenge the district court's order denying their motion for leave to file a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

second amended complaint, as well as the district court's order awarding attorney's fees to Defendants-Appellees. "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021) (quoting *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016)). We review the award of attorney's fees for abuse of discretion. *Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009) ("A district court abuses its discretion when its decision is based on an inaccurate view of the law or a clearly erroneous finding of fact." (citation omitted)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1.      Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). But a district court does not abuse its discretion by denying leave to amend if the "amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Reviewing the proposed amendments de novo, *Wochos*, 985 F.3d at 1197, the district court properly denied leave to file a second amended complaint given the insufficiency of the proposed amendments. As the district court noted, "Plaintiffs' proposed amendments to the complaint continue to reflect claims over 'ideas' and not copyrightable original expression of those ideas." Indeed, the Gaedes concede in their opening brief that the ideas that

2

they wish to protect "are not patentable" and are "not protected by Title 17 U.S.C. because, as it stands today, copyright only protects the expressions of the ideas." *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."). Accordingly, the proposed amendments to their copyright claim would be futile. *See AE*, 666 F.3d at 636.

In the alternative, the Gaedes argue that the "idea-expression dichotomy" under copyright law is unconstitutionally vague and violates the Equal Protection Clause of the Fourteenth Amendment. They acknowledge that they did not make this argument before the district court but argue that they were not allowed an opportunity to do so. They do not explain, however, why they could not have included this claim in their proposed second amended complaint. "A party normally may not press an argument on appeal that it failed to raise in the district court." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). We therefore decline to address this argument in the first instance.

The Gaedes also contend that the district court erred when it found that the proposed amendments to their unfair competition claim under the Lanham Act would be futile. In the proposed second amended complaint, the Gaedes cite *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), to support

3

their assertion that Defendants-Appellants "repackage[d] intellectual property as their own" in violation of 15 U.S.C. § 1125(a)(1)(A). In that case, the Supreme Court explained that, under § 1125 of the Lanham Act, the phrase "origin of goods" refers to "the producer of the tangible product sold in the marketplace" and is "incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain." *Id.* at 31–32. The Court also noted that individuals do not "face Lanham Act liability for failing to credit the creator of a work," and the Lanham Act should not be read "as creating a cause of action for, in effect, plagiarism." *Id.* at 36 (emphasis omitted). In sum, the Lanham Act was "not designed to protect originality or creativity," and is not concerned with "the author of any idea, concept, or communication." *Id.* at 37 (emphasis omitted). Because the Gaedes assert that "[t]he issue before the [district court] was that plaintiff Bill Gaede is the originator of the theory," and that "[t]he defendants are not the originators of the ideas contained in [the services they sell on the internet]," the district court correctly concluded that the proposed amendments would be futile.

Therefore, the district court did not abuse its discretion by denying leave to amend because the proposed second amended complaint would have been futile. *AE*, 666 F.3d at 636.

2.      The district court abused its discretion by awarding $15,080 in

4

attorney's fees to Defendant-Appellee Biospintronics, LLC.  First, the district court

acted within its discretion by finding that a fees award was warranted under

17 U.S.C. § 505[1] because the claims in the complaints were "objectively

unreasonable, if not frivolous."  As explained above, it is a basic tenet of both

copyright law and the Lanham Act that neither protects an "idea" or "discovery."

*See* 17 U.S.C. § 102(b); *Dastar*, 539 U.S. at 32–37.  The Gaedes' repeated efforts

to assert such claims could reasonably be characterized as "unreasonable, if not

frivolous."  *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614–15

(9th Cir. 2010) (listing factors relevant to awarding attorney's fees).

Second, the district court thoroughly explained its basis for finding that the

rates billed were reasonable, and it properly applied the relevant standards under

our case law.  *See Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148,

1155 (9th Cir. 2012).[2]  The district court properly made "specific findings" on

counsel's hourly rate based on his experience and as compared to the billing rates

of other attorneys practicing in his geographic area.  *Transgo, Inc. v. Ajac*

---

[1] Section 505 of the Copyright Act provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

[2] Contrary to the Gaedes' assertion, pro bono counsel may recover attorney's fees.  Indeed, "[a]ttorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services." *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014).

*Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985).

But the district court abused its discretion in finding the billed hours submitted by counsel were reasonably attributed to work performed for Biospintronics, LLC. The Gaedes challenge the reasonableness of the hours billed because, they argue, some of this time reflects work performed for pro se Defendants-Appellees Michael DeLay and Anastasia Bendebury, rather than Biospintronics, LLC, and therefore this time should not have been included in the lodestar analysis. We agree. Although Biospintronics, LLC's only members are DeLay and Bendebury, nothing in the motion for attorney's fees or the supporting declarations shows that counsel billed *only* for the hours spent advising Biospintronics, LLC. Although the district court acknowledged that Biospintronics "bears 'the burden of documenting the appropriate hours expended in the litigation,' and [is] required to 'submit evidence in support of those hours worked,'" *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992)), it did not distinguish counsel's time advising Bendebury and DeLay on their pro se motions to dismiss, from counsel's time advising those individuals, as members of Biospintronics, LLC, for the purpose of advising the entity.

Indeed, Bendebury and DeLay acknowledge that after the first amended

6

complaint was filed, counsel "took on the full burden of advising Defendants' legal strategy and on the specifics of their motions practice," and "[w]ith his guidance, Defendants prepared a motion to dismiss the [first amended complaint]." These events occurred before counsel appeared on behalf of Biospintronics, LLC. Thus, it is unclear whether counsel's motion for attorney's fees improperly included fees for time spent advising Bendebury and DeLay as individuals.

Because Biospintronics, LLC failed to sufficiently "document[] the appropriate hours expended in the litigation" on its behalf, rather than on behalf of all Defendants, *id.*, the district court abused its discretion in finding that the hours billed were reasonable. We therefore reduce the attorney's fees award to Biospintronics, LLC to $7,930, because $7,150[3] in fees were incurred before counsel appeared on behalf of Biospintronics, LLC.

**AFFIRMED IN PART and REVERSED IN PART.**

---

[3] $500 hourly rate multiplied by hours billed from March 25, 2022 to August 8, 2022.