NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LECIA L. SHORTER, | No. 23-55708 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-07337-DOC-GJS |
| v. | |
| LEROY BACA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 21, 2025[**]
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and Y. GONZALEZ ROGERS,[***] District Judge.

Lecia Shorter, a former pretrial detainee at the Century Regional Detention

Facility ("CRDF") sued CRDF under 42 U.S.C. § 1983 for alleged violations of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

her constitutional rights. Shorter appeals the district court's post-trial orders denying her Motion for Judgment Notwithstanding the Verdict ("JNOV Motion") and denying in part her Motion to Alter the Judgment ("Motion").[1]

On appeal, Shorter alleges that: (1) the district court improperly refused to award her statutory attorney's fees under 42 U.S.C. § 1988; (2) the district court failed to investigate alleged juror bias; (3) the district court's pre-trial orders and jury instructions constitute structural errors; (4) the district court failed to rule on various Rule 60(b) motions; (5) the jury verdict form contained plain errors; and (6) the district court made several erroneous evidentiary rulings.[2] Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand in part and affirm in part.

1.     Shorter contends that, as the prevailing party in her Section 1983 action, she is entitled to reasonable attorney's fees. 42 U.S.C. § 1988(b)

---

[1]     After CRDF prevailed on all claims in the first trial, we reversed the denial of Shorter's motion for a new trial and vacated the partial grant of summary judgment against Shorter. *See Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018). CRDF prevailed again at the second trial, but on appeal we held that Shorter was entitled to judgment as a matter of law on her excessive search and inadequate sanitation claims, and we remanded the case for adjudication of damages. *See Shorter v. Baca*, Nos. 19-56182, 20-55126, 2021 WL 4958857 (9th Cir. Oct. 26, 2021).

[2]     Appointed pro bono amicus counsel filed an amicus brief on Shorter's behalf addressing the question of whether the district court erred by denying Shorter's request for attorney's fees under 42 U.S.C. § 1988. Shorter briefed the remaining issues pro se.

provides that a district court "in its discretion, may allow the prevailing party" in a Section 1983 civil rights action "a reasonable attorney's fee." Shorter did not make a formal motion for attorney's fees, nor did the district court conduct a prevailing party analysis.

Nonetheless, the district court erred in holding that "[a]s a pro se litigant, [Shorter] is not entitled to attorney's fees." Shorter does not seek attorney's fees for her pro se work on appeal and instead seeks attorney's fees for her prior pro bono counsel's work on her case from 2014 to 2019.[3] A prevailing party in a civil rights action may recover attorney's fees even if she is not personally liable for them. *See Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) ("Attorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services."). Moreover, an attorney is not required to represent a client from start to finish to be eligible for attorneys' fees. *See Vargas v. Howell*, 949 F.3d 1188, 1198 (9th Cir. 2020) (permitting the prevailing plaintiff to seek attorney's fees under 42 U.S.C. § 1988(b) for his two former attorneys, who represented the plaintiff for about nine months of the two-year litigation). Thus, the fact that Shorter was represented on a pro bono basis for only a portion of the overall litigation does not disqualify her from recovering attorneys' fees.

---

[3] Shorter was represented by Steptoe & Johnson LLP during this time.

3

We therefore remand for the district court to proceed consistent with the framework governing the award of attorney's fees under 42 U.S.C. § 1988(b). On remand, the district court shall determine who is the "prevailing party" for the purposes of an attorney's fees award, *see Herrington v. County of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989), and provide Shorter an opportunity to make an appropriate motion for attorney's fees with supporting evidence, *see Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) ("When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked . . .").

2.      The district court did not abuse its discretion by deciding not to hold an evidentiary hearing in response to Shorter's allegations of juror bias. "An evidentiary hearing is not mandated *every* time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir. 1993) (citations omitted). Here, significant evidence called Shorter's claim of juror bias into doubt. Shorter, without fail, alleged juror misconduct after each of her three trials in this case. Moreover, in her briefing on appeal as well as her declarations below, Shorter provided no corroborating evidence supporting her allegations.

4

3.      The district court did not abuse its discretion when it granted the County's motion to dismiss Shorter's claim for punitive damages against Sheriff Baca, because it correctly determined that punitive damages cannot be assessed against government officers in their official capacity. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

4.      The jury instructions were not plainly erroneous. Contrary to Shorter's assertion, none of the challenged final instructions misstate applicable law governing Section 1983 liability, nor were they "misleading or inadequate to guide the jury's deliberation." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).

For the same reasons, the district court did not err in failing to adopt Shorter's proposed jury instructions. "A court is not required to use the exact words proposed by a party, incorporate every proposition of law suggested by counsel or amplify an instruction if the instructions as given allowed the jury to determine intelligently the issues presented." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1398 (9th Cir. 1984).

5.      The district court did not abuse its discretion in formulating the jury verdict form. Shorter contends that the verdict form was improperly formulated for three reasons: (1) it did not "provide a breakdown of liability for each Defendant for each of the three separate constitutional violations"; (2) it did not

5

"identify the nature of compensatory damages"; and (3) it "did not reflect the Ninth Circuit's findings that the search procedures utilized by the County were an unnecessary, humiliating, and extreme violation of Appellant's right to bodily integrity and privacy."

As to her first claim, Shorter cites no authority supporting her contention that a verdict form must provide a breakdown of a damages award as to each defendant. As to her second claim, the verdict form asked the jury to state the amount of compensatory damages to be awarded to Shorter, and Jury Instruction 13 defined compensatory damages as including both economic and non-economic damages. Considering the jury verdict form in conjunction with the jury instructions, *see Boggs v. Lewis*, 863 F.2d 662, 666 (9th Cir. 1988), the district court properly informed the jury as to the nature of compensatory damages. As to her third claim, the verdict form, again taken together with the instructions, also properly informed the jury as to the constitutional violations committed against Shorter. *See Shorter v. Baca*, Nos. 19-56182, 20-55126, 2021 WL 4958857 (9th Cir. Oct. 26, 2021).

6. The district court did not abuse its discretion in denying Shorter's June 1, 2022, Rule 60(b) motion to disqualify Judge David O. Carter. Although Shorter contends that the district court "did not address the issues" set forth in her

6

June 1, 2022, Rule 60(b) motion, the record clearly supports that the district court ruled on this motion.

And although the district court did not explicitly rule on Shorter's January 1, 2023, Rule 60(b) motion[4] seeking relief from orders of then-Magistrate Judge Ferdinand Olguin and an order dismissing individually named members of the Los Angeles County Board of Supervisors as defendants, remand would likely be futile. Rule 60(b)(4) and (b)(6) motions[5] must be filed within "a reasonable time," *see* Fed. R. Civ. P. 60(c)(1), and to determine whether a party's delay is reasonable, we consider, among other things, the party's ability to learn earlier of the grounds relied upon and any prejudice caused to parties by the delay. *See Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Here, Shorter's motion was not filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1). Instead, it was filed almost a decade after the underlying events, after the case had been tried twice, and with only the issue of damages remaining. *See Shorter*, 2021 WL 4958857, at *3.

7.      The district court did not abuse its discretion in making its challenged evidentiary rulings. The district court reasonably determined that evidence related

---

    [4]      Shorter filed a motion to address this unresolved motion which the district court denied in its post-judgment order.
    [5]      Shorter invokes Rule 60(b)(4) for her claim for relief from Judge Olguin's orders, and Rule 60(b)(6) for her claims for relief from the 2015 Pretrial Conference Order dismissing individual County Supervisors as defendants.

to Sheriff Baca and the Los Angeles County Sheriff's Department was irrelevant, as Sheriff Baca lacked personal knowledge of the incident involving Shorter. *See* Fed. R. Evid. 401. The remainder of Shorter's evidentiary challenges are unsupported by citations to the record or to case authority and are thus considered waived or abandoned. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

**REVERSED AND REMANDED in part, AFFIRMED in part.**[6]

---

[6] Each party shall bear its own costs.