Filed 4/21/25  Marriage of Terry CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of BOAKE and KELLIE TERRY. | 2d Civ. No. B334907 (Super. Ct. No. D398305) (Ventura County) |
| BOAKE TERRY,   Respondent,   v.   KELLIE TERRY,   Appellant. | |

A prevailing party on appeal is entitled to ordinary costs such as filing fees and preparation of transcripts.  But absent agreement of the parties or a statute authorizing it, a prevailing party is not entitled to appellate attorney's fees as a component of costs.  Here, the trial court erred by awarding unauthorized attorney's fees as part of the costs on appeal to respondent.

Kellie Terry[1] appeals from the January 24, 2024, order after judgment directing that she pay Boake's appellate attorney's fees, costs on appeal, and monetary sanctions. We reverse the order for attorney's fees of $23,587.20 and the sanction award of $2,340. In all other respects we affirm.

FACTUAL AND PROCEDURAL HISTORY

This is the third appeal in this case. The facts relevant to the judgment and previous order after judgment are outlined in our two prior opinions. We need not repeat them here. In the first appeal, *In re Marriage of Terry* (Sept. 20, 2023, B321523) [nonpub. opn.] 2023 WL 6138346, we affirmed the judgment dividing the marital property and ordering spousal support. We ordered that respondent receive his costs on appeal. In the second appeal involving an order after judgment, *In re Marriage of Terry* (Dec. 4, 2024, B331908) [nonpub. opn.] 2024 WL 4997753, we reversed the distribution of trust funds from the sale of the community home, remanded for recalculation, affirmed the remainder of the order, and ordered that appellant receive her costs on appeal.

In November 2023, respondent filed a motion in the trial court seeking monetary sanctions and reimbursement for costs on the first appeal, including appellate attorney's fees. The remittitur in the first appeal was issued in December 2023. Respondent filed a memorandum of costs on appeal in January 2024. After a hearing, the trial court signed an order after judgment that stated:

"1. [Boake] shall recover his Attorneys' Fees on Appeal from [Kellie] in the amount of: $23,587.20." [The minute order

___

[1] We refer to the parties by their first names for ease of reference. No disrespect is intended.

stated they were "costs associated with [appellate counsel's] appeals fees."]

"2.  [Boake] shall recover his Costs on Appeal from [Kellie] in the amount of: $837.20."

"3.  [Kellie] shall pay to [Boake] <u>Ca. Fam. Code</u> § 271 Sanctions in the amount of: $2,340.00."  [The minute order stated these were "for [trial counsel's] fees for preparing for and appearing at today's hearing."]

"4.  Said funds shall be distributed to [Boake] from [Kellie's] share of proceeds presently held in the Attorney/Client Trust Account of Stankowski Law Group from the sale of the family home."

## DISCUSSION

### *Ordinary costs on appeal*

Kellie contends the trial court erred in awarding costs to Boake after prevailing in the first appeal.  We disagree.

Recovery of ordinary costs by a prevailing party on appeal is authorized by law.  (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a), 1034, subd. (b); Cal. Rules of Court,[2] rule 8.278(a)(1), (d)(1).)  A trial court may rely on a verified memorandum of costs in awarding costs.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 858.)  "If the items in a cost memorandum appear proper, the verified memorandum is prima facie evidence the expenses were necessarily incurred by the defendant.  The burden of showing an item is not properly chargeable or is unreasonable falls on the objector."  (*Ibid*.)

Here, Boake's trial counsel timely filed a memorandum of ordinary costs on appeal in the superior court.  (Rule 8.278(c)(1).)

---

[2] Subsequent rule references are to the California Rules of Court.

She verified that the costs were "correct and were necessarily incurred in this case on appeal." The memorandum requested, and the court ordered, costs of $837.20 for filing fees, transcript preparation, printing and copying of briefs, and transmitting, filing and serving the record, briefs, and other papers. Kellie's primary objection to the amount of costs—that she was charged more for transcripts than respondent—does not establish that the costs were unnecessary or unreasonable. The award of $837.20 to Boake was proper.

Kellie also contends the award of costs was premature. We again disagree. The appeal of the judgment in the first appeal was completed and the memorandum of costs was filed "[w]ithin 40 days after issuance of the remittitur" as provided in rule 8.278 (c)(1). Although an appeal of an order after judgment was pending in the second appeal, that did not preclude the assessment of costs for the first appeal.

*Hsu v. Abbara* (1995) 9 Cal.4th 863, upon which Kellie relies, is inapplicable. It held that for purposes of contractual attorney's fees, the prevailing party is determined "only upon final resolution of the contract claims." (*Id*. at p. 876.) It does not preclude a cost award pursuant to Code of Civil Procedure sections 1032 and 1033.5 following issuance of a remittitur affirming the judgment.

*Attorney's fees on appeal*

Kellie also challenges the trial court's order that she pay Boake's appellate attorney's fees of $23,587.20.[3] Boake's motion stated, "This motion for attorneys' fees on appeal is made on the

---

[3] The motion requested $23,587.20, and the order after judgment awarded that amount. The amount of $23,857.20 in the minute order appears to be an error.

4

grounds that the Court of Appeal affirmed [the superior court's] decision and awarded Boake Terry his costs on appeal." It was supported by trial counsel's declaration that the request was based on the appellate court's order for costs on appeal. The motion was also supported by the declaration of Boake's appellate attorney who summarized the time she and her associate worked on the appeal and their hourly rates. As discussed below, we conclude that Boake's appellate attorney's fees are not recoverable as costs.

*1. Statutory or contractual authorization*

A "well settled rule exclud[es] attorney fees from the costs a party winning an appeal may recover under [Code of Civil Procedure] section 1034." (*Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 962.) "Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees" except where " 'attorney's fees are specifically provided for by statute' " or by " 'the agreement, express or implied, of the parties.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.) " '[T]he legal basis for an attorney fee award is a question of law to be reviewed de novo.' " (*Ibid.*)

An award of attorney's fees is permitted where "specifically provided for by statute," or by "the agreement . . . of the parties." (Code Civ. Proc., § 1021.) "Attorney's fees" are permitted as costs only "when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." (Code Civ. Proc., § 1033.5, subd. (a)(10).) Examples of specific statutory authorization for attorney's fees on appeal are provided for actions enforcing "right[s] affecting the public interest" (Code Civ. Proc., § 1021.5), employment discrimination (Gov. Code, § 12965, subd. (c)(6)), the

5

Mobilehome Residency Law (Civ. Code, § 798.85), and the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, § 3452). But Boake cites no statute authorizing an award of attorney's fees to the prevailing party on appeal of a marital dissolution case. Nor is there a contract or other agreement here authorizing attorney fees.

Boake's attorney fee motion before the trial court and supplemental appellate brief cite *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637, and *Legal Voice v. Stormans Inc.* (9th Cir. 2014) 757 F.3d 1015, 1016, for the proposition that "statutory or contractual entitlement to an attorney's fee award in favor of the prevailing party applies to both trial and appellate court proceedings." But the rule is that "fees, *if recoverable at all*— pursuant either to statute or parties' agreement—are available for services at trial and on appeal." (*Serrano*, at p. 637, italics added.) Boake has not established the threshold requirement that attorney fees were authorized by a statute or agreement. And the legal basis for fees in *Serrano* is inapplicable here.

*Serrano* authorized private attorney general fees pursuant to Code of Civil Procedure section 1021.5 for "enforcement of an important right affecting the public interest" that benefits "the general public or a large class of persons"—there, a successful equal protection challenge regarding financing of public schools. (*Serrano, supra,* 32 Cal.3d at pp. 624, 632.) Neither *Serrano* nor Code of Civil Procedure section 1021.5 applies to a routine marital dissolution case. (See *Adoption of Joshua S.* (2008) 42 Cal.4th 945, 958 [§ 1021.5 inapplicable to litigation of private rights not affecting public interest].) And *Legal Voice v. Stormans Inc., supra,* 757 F.3d 1015, granted attorney's fees and costs to a nonparty pursuant to a federal rule regarding

6

compliance with subpoenas (see *Legal Voice v. Stormans Inc.* (9th Cir. 2013) 738 F.3d 1178, 1184) and provides no basis for awarding attorney's fees in an appeal of a state court marital dissolution case.

The motion for attorney's fees also relied upon rule 8.278(d)(2), which provides, "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." Rule 3.1702 in turn applies to "claims for statutory attorney's fees and claims for attorney's fees provided for in a contract." (Rule 3.1702(a).) It specifically provides that a motion for attorney's fees on appeal may be made "under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both." (Rule 3.1702(c)(1).) Again, no statute or contract here provided for attorney's fees as a cost on appeal.

*2. Family Code section 271 sanctions*

We requested and received supplemental briefs regarding any contractual or statutory basis to award attorney's fees as a component of the cost award to Boake as a prevailing appellate party, and whether Kellie received sufficient notice of that basis. (See Gov. Code, § 68081.) In response, Boake contended for the first time a theory not cited in his motion for fees before the trial court, nor cited in the trial court's order awarding attorney's fees: that appellate attorney fees were authorized by Family Code section 271.

Section 271 provides that as a sanction, "the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where

7

possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (Fam. Code, § 271, subd. (a).) "An award of attorney's fees and costs as a sanction pursuant to [section 271] shall be imposed only after notice by the requesting party or the court to the party against whom the sanction is proposed and opportunity for that party to be heard is provided by the court." (*Id.*, subd. (b).) "The notice must also advise of the specific grounds and conduct for which the fees or sanctions are sought." (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1529.)

Here, Boake did not give notice to Kellie that he was seeking his appellate attorney's fees as a Family Code section 271 sanction because Kellie had frustrated settlement or failed to encourage cooperation during litigation. Instead Boake claimed his attorneys' fees as a component of his costs as the prevailing appellate party pursuant to rule 8.278. Kellie was thus not given the opportunity to contest whether the grounds for section 271 sanctions were established. (*In re Marriage of Duris & Urbany* (2011) 193 Cal.App.4th 510, 514.)

Boake nonetheless contends that Kellie forfeited her objection to insufficient notice by not raising it in the trial court. But Boake's trial counsel sought and secured appellate attorney's fees based on the inapplicable theory that they were a component of costs to the prevailing party. He cannot now complain that Kellie did not have the prescience to object below to a theory of recovery (Fam. Code, § 271) that Boake's counsel did not raise until supplemental briefing requested by this court. Under these circumstances, we exercise our discretion to conclude that forfeiture does not apply here. (*In re Marriage of Elali & Marchoud* (2022) 79 Cal.App.5th 668, 682.)

8

*3. Code of Civil Procedure section 128.5*

Boake's motion for costs stated: "Kellie Terry's appeal was frivolous and in bad faith as she did not raise any new issues on appeal and because her arguments were without merit. [¶] Kellie Terry's appeal also caused Boake Terry to incur unnecessary expenses because he was forced to retain counsel to defend against the appeal." Boake cited Code of Civil Procedure section 128.5 in support of his claim. It authorizes sanctions for "actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a).)

We reject Boake's contention that reference to Code of Civil Procedure section 128.5 provided adequate notice that sanctions were sought pursuant to Family Code section 271. Counsel did not "scrupulously observ[e]" the procedural requirements for Code of Civil Procedure section 128.5 sanctions (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654), including filing a noticed motion for sanctions "made separately from other motions or requests" (Code Civ. Proc., § 128.5, subd. (f)(1)(A)). Nor does citation of Code of Civil Procedure section 128.5 provide notice that sanctions were sought under Family Code section 271 because the latter "do[es] not require that the conduct be 'frivolous or taken solely for the purpose of delay.'" (*In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 6.) We conclude the court erred in including Boake's appellate attorneys' fees as recoverable costs on appeal.

*Sanction for hearing preparation*

The trial court relied on Family Code section 271 to order a sanction of $2,340 against Kellie for Boake's trial counsel's "fees for preparing for and appearing at [the] hearing" on the motion

9

for costs and fees.

While the imposition of sanctions is reviewed for abuse of discretion, reversal is warranted where "considering all the evidence viewed most favorably in support of the order and indulging all reasonable inferences in its favor, no judge could reasonably make the order." (*In re Marriage of Rangell* (2023) 95 Cal.App.5th 1206, 1218.) An award of fees may include "fees incurred in litigating the award of attorney fees . . . 'absent circumstances rendering the award unjust.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141.)

We conclude monetary sanctions were improper because Kellie was not provided notice they would be sought pursuant to Family Code section 271. (Fam. Code, § 271, subd. (b).) It was also improper to order Kellie to pay for Boake's trial counsel to prepare and appear at a motion seeking appellate attorney's fees that were neither authorized by statute or agreement. (See *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 205 [vacating sanctions for contesting unenforceable oral agreement].) Boake concedes that if the underlying award of attorney's fees on appeal was unauthorized, the sanction for the cost of the fee motion must also be set aside. We reverse the sanction of $2,340.

*Other contentions*

Kellie improperly attempts to relitigate issues that were resolved in the appeals of the original judgment and of the first order after judgment. We decline to reconsider those issues. The current appeal of an order after judgment awarding costs and monetary sanctions is not a vehicle to reconsider our affirmance of the judgment. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) And pursuant to the "law of the case" doctrine,

our opinion in the first two appeals " 'stating a rule of law necessary to the decision of the case . . . conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.' " (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491.)

We also decline to consider contentions regarding other matters that are not part of the order that is the subject of this appeal and those raised for the first time in Kellie's reply brief. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) Kellie's briefs also make numerous assertions that are not supported by citation to the record or legal authority, not developed with legal argument, and/or not identified as issues under separate headings or subheadings. (*Ibid*.; rule 8.204(a)(1)(B) & (C).) These arguments are forfeited. (*Allen*, at p. 52.) The " 'appellate court is not required to search the record on its own seeking error.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

### *Vexatious litigant*

Boake requests that we declare Kellie a vexatious litigant on our own motion because she has repeatedly and improperly attempted to relitigate issues already determined. (Code Civ. Proc., §§ 391, subd. (b)(2), 391.7, subd. (a).) We decline to declare her a vexatious litigant at this time because we ruled partially in her favor in the second appeal and this appeal.

### DISPOSITION

The order after judgment entered January 24, 2024, directing Kellie to pay Boake's appellate attorney's fees of $23,587.20 and issuing monetary sanctions of $2,340 against Kellie is reversed. The order after judgment is otherwise

11

affirmed.  Kellie shall recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Michael S. Lief, Judge

Superior Court County of Ventura

_____

Kellie Terry, in pro. per., for Appellant.

Ferguson Case Orr Paterson and Wendy C. Lascher; Boake Terry, in pro. per., for Respondent.